UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERRER INTERNACIONAL, S.A., a Spanish Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MEDIMETRIKS PHARMACEUTICALS, INC., a Delaware Corporation.<br><br>    Defendant. | Case No.: |

## COMPLAINT

Plaintiff Ferrer Internacional, S.A. (hereinafter "Ferrer" or "Plaintiff"), by and through undersigned counsel, sues Defendant Medimetriks Pharmaceuticals, Inc. ("Medimetriks or "Defendant") and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Ferrer is a foreign company registered and domiciled in Spain.

2. Medimetriks is a Delaware corporation with its principal place of business in the state of New Jersey.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), as this action is between a citizen of a state and foreign state and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant Medimetriks pursuant to Section 302, New York Civil Practice Law & Rules, because Medimetriks, among other things:

    a. Transacted business within the state and contracted to supply goods or services in the state;

      b.      Regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state; and

      c.      In entering into a contract with Ferrer, Medimetriks agreed to submit to the jurisdiction of the courts of this state for any dispute relating to that contract.

5.      Based on the foregoing conduct, the exercise of personal jurisdiction over Medimetriks satisfies traditional notions of fair play and substantial justice under the Fourteenth Amendment of the United States Constitution.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this District, as well as through agreement of the parties pursuant to contract.

## GENERAL ALLEGATIONS

7.      On March 10, 2014, Ferrer and Medimetriks entered into a License and Supply Agreement ("LSA"), whereby Ferrer granted Medimetriks exclusive rights for the commercialization and distribution of certain Ferrer pharmaceutical products throughout a particular territory. For several years, the parties operated under the terms of the LSA.

8.      On or about March of 2018, Medimetriks and third party Cutanea Life Sciences, Inc. ("Cutanea") desired to enter into a supply agreement whereby Medimetriks would assign certain rights Medimetriks possessed pursuant to the LSA with Ferrer to Cutanea (the "AG Agreement"). To do so, however, Medimetriks required Ferrer's written consent for the assignment.

9.      To that end, on March 5, 2018, Ferrer and Medimetriks entered into a written agreement entitled, Compensation Payment Letter (the "Contract"), whereby Medimetriks agreed

to pay Ferrer "(a) One Million Three Hundred Thousand Dollars ($1,300,000) no later than thirty (30) days after the execution by Medimetriks and Cutanea of the asset purchase agreement for the sale, assignment, and transfer of [Ferrer's license rights] and (b) Five Hundred Thousand Dollars ($500,000) no later than November 15, 2018." A true and correct copy of the Contract is attached hereto as **Exhibit A**.

10. After obtaining Ferrer's consent pursuant to the Contract, Medmetriks and Cutanea entered into an asset purchase agreement and AG Agreement.

11. On April 6, 2018, Medimetriks paid $1.3 million to Ferrer in accord with the Contract.

12. Regarding the additional $500,000.00 that Medmetriks owed to Ferrer pursuant to the Contract, Medmetriks initially made a series of partial payments to Ferrer totaling $157,000.00, between November 16, 2018, and December 28, 2018.

13. Medmetriks then made another series of partial payments to Ferrer totaling $135,000.00, between December 6, 2019, and February 2, 2020.

14. However, Medmetriks ceased making payments as of February 21, 2020, and approximately $208,000.00, remains due and owing.

15. As a result of Medmetriks' failure to perform its obligations under the Contract, Ferrer has been forced to engage the undersigned counsel and has incurred attorneys' fees and costs.

## COUNT I
### Breach of Contract

16. Ferrer reincorporates each and every allegation in paragraphs 1 through 15 as if fully set forth herein.

17. Ferrer and Medmetriks entered into the Contract whereby Medmetriks agreed to

pay Ferrer $1.3 Million within 30 days after the execution of Medimetriks' asset purchase agreement with Cutanea. *See* Ex. A. Under the Contract, Medimetriks also agreed to pay Ferrer $500,000.00 by November 15, 2018.

18. Medimetriks materially breached the Contract by, among other things, failing to pay Ferrer $500,000.00.

19. As a direct and proximate result of Medimetriks' material breach of the Contract, Ferrer has sustained damages.

**WHEREFORE**, Ferrer demands judgment against Medmetriks, monetary damages, interest as allowed by law, and any other relief this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Ferrer hereby demands a trial by jury on all issues and claims so triable.

Dated: June 13, 2022                                  Respectfully submitted,

                                        **SANCHEZ FISCHER LEVINE, LLP**
555 Madison Ave, Fifth Floor
New York, New York 10022
Telephone: (646) 661-2042

*/s/ David Levine*
David Levine, Esq.
Email: dlevine@sfl-law.com
SDNY Bar Code: DL1395
Secondary Email: eservice @sfl-law.com
Paola Sanchez Torres, Esq.
SDNY Bar Code: 5960513
Email: psanchez@sfl-law.com
*Attorneys for Plaintiff Ferrer Internacional, S.A.*